untary act, well understood by her and performed by her without any undue influence or deception exerted upon her by any of them. The record does not clearly indicate to us that that burden was successfully borne; and, as the case evidently was not tried or decided upon that theory, but rather upon that of an oral trust agreement, we think that a new trial should be had. We conclude also that Dr. Love was incompetent as a witness to decedent's condition, under section 834 of the Code of Civil Procedure, and the objections to his testimony, taken at folios 88 to 97, should have been sustained. Judgment reversed and new trial granted, costs to abide the event, upon the ground that the following findings of fact are contrary to the evidence, viz.: (a) Findings seventh and thirteenth, so far as they find that there was any agreement on the part of the decedent that "the said property would ultimately inure to the benefit" of the plaintiffs. (b) Finding eighth. (c) The following part of finding fifteenth, viz.: "And that there was no consideration for the making of said deed." (d) The following part of finding sixteenth, viz.: "And incompetent to make said deed." (e) So much of finding seventeenth as states, in effect, that decedent executed the deed while incompetent to make it; and (f) so much of finding twentieth as states, in effect, that decedent executed the deed while incompetent to make it, and also the following part of said finding twentieth, viz.: "That the said deed held by the said defendants was only in trust for the sole use and benefit of the said infant plaintiffs, to the exclusion of the said James Donohue, individually"—and that, therefore, the conclusion of law that the deed to the defendants was in trust for the benefit of the plaintiffs is unwarranted.

---

Richard M. DORSEY, Respt., v. HOULDER, WEIR & BOYD, General Petroleum Co., Applt. (Supreme Court, Appellate Division, First Department. April 28, 1916.) Order affirmed with $10 costs and disbursements. No opinion. Order filed.

---

Henry DOSCHER et al., as executors, etc., respondents, v. Theodore OBERMEYER et al., appellants, and another, defendant. (Supreme Court, Appellate Division, Second Department. March 31, 1916.) Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, upon the ground that the allegations sought to be stricken out are irrelevant to plaintiffs' cause of action, which is that of a creditor against officers and directors of a corporation for misappropriation of assets, and it is immaterial by what means the said officers and directors induced the stockholders to consent to the transfer of such assets. The practice is in accord with Hilton v. Carr, 40 App. Div. 490, 493, 58 N. Y. Supp. 134 and Bradley v. Sweeny (No. 1) 120 App. Div. 315, 105 N. Y. Supp. 296. Jenks, P. J., and Thomas, Mills, and Rich, JJ., concur. Carr, J., not voting.

---

John DOW, respondent, v. PATRICK RYAN CONSTRUCTION CORPORATION, appellant. (Supreme Court, Appellate Division, Second Department. May 12, 1916.) Judgment and order reversed and new trial granted, costs to abide the event, on the ground that the verdict finding the defendant negligent for not blocking and wedging the derrick mast as it was lying temporarily across the street, is against the greater weight of evidence. Jenks, P. J., and Carr, Stapleton, Rich, and Putnam, JJ., concur.

---

Francis W. DOXSEE, as testamentary guardian of Albert S. Boyce, etc., respondent, v. Louis N. SANFORD, appellant. (Supreme Court, Appellate Division, Second Department. May 5, 1916.) Judgment affirmed, with costs. No opinion. Jenks, P. J., and Carr, Stapleton, Rich, and Putnam, JJ., concur.

---

Wladislaw DRAGWA, respondent, v. TIDEWATER PAPER MILLS COMPANY, appellant. (Supreme Court, Appellate Division, Second Department. May 5, 1916.) Order modified by striking therefrom the provision thereof permitting the service of an amended complaint, and in place thereof substituting the following: Ordered further that, upon plaintiff complying with the aforesaid condition, the direction dismissing the complaint be and the same hereby is set aside, with leave to the plaintiff to move at Special Term for permission to make and serve an amended complaint as he may be advised; order as so modified affirmed, without costs to either party. No opinion. Jenks, P. J., and Carr, Stapleton, and Mills, JJ., concur. Thomas, J., dissents.

---

In the Matter of Albert W. DUCKWORTH. (Supreme Court, Appellate Division, First Department. April 7, 1916.) Report approved and proceeding dismissed. Settle order on notice.

---

In the matter of the application of Edwin DUFFEY, etc., for a writ of mandamus v. John J. Clark, as county treasurer of Onondaga county, etc. (Supreme Court, Appellate Division, Fourth Department. March 29, 1916.) Order affirmed with costs. All concur, except Lambert and Merrell, JJ., who dissent.

---

In the matter of proving the Last Will and Testament of Martha E. DURBAN, deceased. Lillian Richter, appellant. (Supreme Court, Appellate Division, Second Department. April 14, 1916.) In view of the incomplete wording of the attestation clause, and the unsatisfactory testimony of the two subscribing witnesses called, we think the court cannot infer a due publication of the paper as the deceased's will. As the third witness was not produced, a new trial should be had. The decree of the Surrogate's Court of Richmond County is therefore reversed, and a new trial ordered, costs to abide the final award of costs. The allowance of $500 under section 2748 of the Code of Civil Procedure, to the special guardian, was not excessive, considering the services performed and the value of the estate. Jenks, P. J., and Stapleton, Mills, Rich, and Putnam, JJ., concur.

---

Leo L. D'UTASSY v. William M. BARRETT. (Supreme Court, Appellate Division,